1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  JARED T. DENSEN, SBN 325164
   jared.densen@salisianlee.com
3  PATTY W. CHEN, SBN 322992
   patty.chen@salisianlee.com
4  **SALISIAN | LEE LLP**
   550 South Hope Street, Suite 750
5  Los Angeles, California 90071-2924
   Telephone:  (213) 622-9100
6  Facsimile:   (800) 622-9145

7  MARISA D. POULOS, SBN 197904
   marisa.poulos@amerisbank.com
8  **BALBOA CAPITAL CORPORATION**
   575 Anton Boulevard, Suite 1080
9  Costa Mesa, California 92626
   Tel: (949) 399-6303
10

11 Attorneys for Plaintiff
   AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

12

13              THE UNITED STATES DISTRICT COURT

14              FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br>17<br>18<br>      Plaintiff,<br>19<br>    vs.<br>20<br>MATTU TRANSPORT LLC, a New York limited liability company; and GURJIT SINGH, an individual,<br>21<br>22<br>      Defendants.<br>23 | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

24

25

26

27

28

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Mattu Transport LLC ("Mattu Transport") is, and at all times relevant to this action was, a New York limited liability company, with its principal place of business in the County of Queens, State of New York.

3. Defendant Gurjit Singh ("Singh"), an individual, is, and at all times relevant to this action was, a resident of the County of Queens, State of New York, and was a member, officer, director, agent and/or owner of Mattu Transport. Based on information and belief, including the Driver's License submitted by Singh to Balboa, Singh is domiciled in Richmond Hill, NY 11418.

4. Plaintiff is informed and believes, and thereon alleges that the only member of Mattu Transport is defendant Singh who is domiciled in the State of New York. Thus, Plaintiff is a citizen of the State of New York.

5. Plaintiff is informed and believes, and thereon alleges, that each defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other defendants in a joint enterprise for profit and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known

1

COMPLAINT

about the foregoing, and that each defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Mattu Transport is a citizen of the State of New York; and Singh is a citizen of the State of New York. As such, neither Mattu Transport nor Singh are citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The

transactions at issue in this action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION
### (Breach of Equipment Financing Agreement)
### (Against Mattu Transport)

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. Prior to June 2022, Balboa is informed and believes that Mattu Transport initiated and engaged with City Trailer, Inc., located at 10220 West Reno Avenue Oklahoma City, OK 73127 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Mattu Transport in the selection of the Collateral and in coordinating its delivery.

14. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Mattu Transport's electronic credit application to Balboa and other financial institutions. Upon review, Mattu Transport concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Mattu Transport to finance the Collateral being supplied by the Equipment Vendor.

15. On or about June 9, 2022, Mattu Transport executed a certain written Equipment Financing Agreement No. 330721-001 (the "EFA"), under the terms of which Balboa loaned to Mattu Transport the sum of Three Hundred Forty-Six Thousand Four Hundred Sixteen Dollars And Nineteen Cents ($346,416.19) to finance the Collateral for its business. The EFA required Mattu Transport to make sixty (60) monthly payments of $7,095.04, payable on the 12th day of each month

beginning August 12, 2022. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

16. The last payment received by Balboa was credited toward the monthly payment due for March 12, 2025. Therefore, on or about April 12, 2025, Mattu Transport breached the EFA by failing to make the monthly payment due on that date. Mattu Transport's failure to make timely payments is a default under the terms of the EFA.

17. In accordance with the EFA, and as a proximate result of Mattu Transport's default thereunder, Balboa declared the entire balance of payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $198,661.12. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Mattu Transport.

18. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Mattu Transport.

19. As a proximate result of Mattu Transport's breach of the EFA, Balboa has been damaged in the sum of **$198,661.12,** plus prejudgment interest from April 12, 2025, until the entry of judgment herein.

20. Further, under the terms of the EFA, Mattu Transport promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Mattu Transport.

21. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

### (Breach of Personal Guaranty)

### (Against Singh)

22. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

23. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Mattu Transport, Singh guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Singh (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

24. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Singh.

25. Following a default by Mattu Transport under the terms of the EFA, Balboa demanded Singh make the payments required under the EFA. Singh failed to meet the Guaranty obligations and make the payments required under the EFA.

26. Pursuant to the terms of Guaranty, the sum of **$198,661.12**, plus prejudgment interest from April 12, 2025, is due and payable to Balboa from Singh. This Complaint, in addition to previous demands, shall constitute further demand upon Singh to pay the entire indebtedness due and owing from Mattu Transport to Balboa under the terms of the EFA.

27. Under the terms of Guaranty, Singh promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Singh.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum of **$198,661.12**;
2. Prejudgment interest from April 12, 2025, to the date of entry of judgment;
3. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;
4. Reasonable attorneys' fees and costs;
5. Costs of suit as provided by law; and
6. Such other and further relief that the Court considers proper.

DATED: June 24, 2025            SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Jared T. Densen
Patty W. Chen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION