JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01367-DOC-KES    Date: September 5, 2025

Title: Ameris Bank v. Mattu Transport LLC, et al.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [16]**

Before the Court is Plaintiff Ameris Bank, doing business as Balboa Capital Corporation ("Plaintiff" or "Balboa")'s Motion for Default Judgment ("Motion" or "Mot.") (Dkt. 16). The Defendants in this case are Mattu Transport LLC, a New York limited liability company ("Mattu Transport"), and Gurjit Singh ("Singh"), an individual (collectively, "Defendants"). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the following reasons, the Court hereby **GRANTS** Plaintiff's Motion.

I. **Background**

    A.    Facts

This case is one for breach of contract based on an Equipment Financing Agreement ("EFA") and a corresponding personal guaranty.

On or about June 9, 2022, Plaintiff entered into the EFA with Mattu Transport. Complaint ("Compl."), Ex. A (Dkt. 1). In the EFA, Plaintiff loaned Mattu Transport

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01367-DOC-KES                                              Date: September 5, 2025

Page 2

$346,416.19 to finance certain equipment for its business. Compl. ¶ 15. The EFA required Defendants to make sixty monthly payments of $7,095.04 on the 12th day of each month, beginning August 12, 2022. *Id.* Plaintiff received payments from Mattu Transport through March 12, 2025, but on April 12, 2025, Mattu Transport failed to make the monthly payment due on that date, which Plaintiff contends was a default under the EFA. *Id.* ¶ 16. The total sum of twenty-eight unpaid monthly payments amounts to $198,661.12. *Id.* ¶ 17; *see also* Declaration of Don Ngo in Support of Motion for Default Judgment ("Ngo Decl.") (Dkt. 16-1) ¶ 6.

Concurrently with the execution of the EFA, Defendant Singh signed a personal guaranty of the EFA. Compl. ¶ 23. After Mattu Transport's default under the EFA, Singh also failed to make the payments due under the guaranty. Ngo Decl. ¶ 5.

Upon default, the Remedies section of the EFA grants Plaintiff the ability to seek prejudgment interest. Based on the amount due of $198,661.12, Plaintiff seeks prejudgment interest at the statutory rate of ten percent per annum, from April 12, 2025, the date of breach, until September 29, 2025, the date noticed for the hearing of this Motion. Plaintiff requested total interest in the amount of $9,033.72, accruing at a rate of $54.42 per day. Mot. at 2; *see also* Declaration of Patty W. Chen in Support of Motion for Default Judgment ("Chen Decl."), ¶¶ 5-6.

Balboa also seeks costs from Defendants in the amount of $1,135 to bring this litigation. *See* Chen Decl., ¶ 7. In total, Balboa seeks $208,829.84 including costs and interest until the noticed hearing date. Mot. at 13.

### B. Procedural History

Plaintiff filed its Complaint (Dkt. 1) on June 24, 2025. Defendants were served with the Complaint and Summons on July 19, 2025 (Dkt. 11, 12). Defendants failed to file an answer or otherwise respond, and the Clerk entered default against Defendants on August 14, 2025 (Dkt. 14). Plaintiff filed this Motion (Dkt. 16) on August 28, 2025.

## II. Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a

party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Motion by analyzing each *Eitel* factor in turn.

#### A. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01367-DOC-KESDate: September 5, 2025

Page 4

Plaintiff alleges that Defendants owe it money under the EFA, and Defendants' failure to defend against this action by failing to respond to the Complaint denies Plaintiff the rights secured under the contract. Accordingly, the Court finds that this factor weighs in favor of default judgment.

## B. Merits of the Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). When analyzing the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The EFA provides that if a default occurs, Plaintiff may declare the entire balance of loan payments immediately due and payable and recover any and all costs, including attorneys' fees, or expenses paid or incurred by Plaintiff in connection with enforcing the contracts. Compl. ¶ 17, 20; *see also* Ex. A, Compl. Plaintiff alleges that Defendants defaulted on the EFA and personal guaranty due to failure to make the monthly payment due on April 12, 2025. Compl. ¶ 16. Taking these allegations as true, Plaintiff is entitled to the unpaid balance plus costs and interest under the EFA.

Thus, the second and third *Eitel* factors weigh in favor of granting the Motion.

## C. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This requires the Court to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted."). "Default judgment is disfavored when the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, the amount of money that Plaintiff seeks is reasonable. Plaintiff and Defendants voluntarily entered into the EFA and personal guaranty, and the terms are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01367-DOC-KES    Date: September 5, 2025

Page 5

unconscionable. Plaintiff is seeking to recover in accordance with the contract's terms. Plaintiff's requested sum is also proportionate to the harm because it seeks only the amount due under the contract and costs related to enforcement.

### D. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to material facts in the case. Here, Plaintiff provided a well-pleaded complaint, and Defendants failed to defend the action by failing to answer or appear. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### E. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendants' default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendants were properly served with the Complaint and Summons. Dkt. 11, 12. However, Defendants did not file an answer or a responsive pleading to the Complaint, even though a response was due to be filed no later than August 11, 2025. *Id.* Defendants were also served with the Motion. Dkt. 16-6. The Court therefore finds that the possibility of excusable neglect is low.

### F. Strong Policy Favoring Decisions on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the very existence of Rule 55(b) "indicates that this preference, standing alone, is not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01367-DOC-KES | Date: September 5, 2025 |

Page 6

dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiff's complaint makes a decision on the merits impractical, if not impossible."). Since Defendants have not responded to Plaintiff's Complaint, the Court is not precluded from entering judgment.

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against Defendants.

### G. Remedies

Having determined that default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. Am. Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

Here, the damages that Plaintiff seeks fall into three categories: payments due under the EFA, costs, and pre-judgment interest on the outstanding payments. Mot. at 12-13.

First, Plaintiff claims that Defendant owes $198,661.12 in monthly payments. Mot. at 13. After reviewing the terms of the contract and taking the allegations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01367-DOC-KES                                                    Date: September 5, 2025

Page 7

Defendants' default and the late payments as true, the Court finds that Defendants owe $198,661.12 in monthly payments.

Second, the EFA provided that Defendants must pay Plaintiff's attorneys' fees and costs in an action such as this one. Plaintiff claims it is entitled to $1,135 in costs for the filing fee and service of process fees for both Defendants. This amount is reasonable.

Finally, the amount of pre-judgment interest on the EFA's outstanding balance reflects an annual interest rate of 10%. This Court finds that Plaintiff is entitled to prejudgment interest and the interest rate is reasonable. *See N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 828 (1998). Plaintiff argues that interest should accrue from April 12, 2025, the date of breach, until the date of judgment. On the amount of $198,661.12, interest accrues at $54.42 per day. There are 146 days between April 12, 2025, and September 5, 2025. Thus, $54.42 multiplied by 146 days is $7,945.32 in interest.

## IV.    Disposition

For the foregoing reasons, the Court **GRANTS** the Motion. In particular, the Court enters judgment in this matter in favor of Plaintiff Balboa and against Defendants Mattu Transport and Gurjit Singh in the total amount of **$207,741.44** which represents:

1. the outstanding payments due under the EFA of $198,661.12
2. costs in the amount of $1,135; and
3. $7,945.32 in prejudgment interest at the statutory rate of ten percent (10%) per annum, from one month after the last payment made until the date of judgment

The hearing in this matter scheduled for September 29, 2025, is **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                Initials of Deputy Clerk: kdu

CIVIL-GEN